IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAN FONTANA SCHWARTZ,        )
    Cross-Claimant,        )
            )
v.        )    Case No. 8:16-cv-914-T-30AAS
            )
LYNN FONTANA,        )
    Cross-Defendant.        )
_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE comes before the Court upon Cross-Claimant's Second Amended Motion for Default Judgment (Doc. No. 30). The Court, having reviewed the motion, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

On July 6, 2016, Cross-Claimant, Joan Fontana Schwartz filed with the Court her cross-claim against Cross-Defendant, Lynn Fontana (Doc. No. 18). Cross-Claimant seeks, among other things, the invalidation of the Power of Attorney executed by Madeline Fontana in favor of Cross-Defendant and an Order that Nationwide pay the subject Annuity proceeds to Cross-Claimant under the original terms of the Annuity.

On August 4, 2016, the Clerk entered its default against Cross-Defendant for its failure to respond to the cross-claim or otherwise file an appearance in this action (Doc. No. 27). The Court concludes that Cross-Claimant is entitled to a default judgment.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

## DISCUSSION

The cross-claim is based on an interpleader action filed by Stakeholder, Nationwide Life and Annuity Insurance Company, against Claimants, Joan Fontana Schwartz and Lynn Fontana, pursuant to Federal Rule of Civil Procedure 22.

The Court has subject-matter jurisdiction over the interpleader action pursuant to 28 U.S.C. § 1332(a) based on diversity jurisdiction.

The Court concludes that the allegations, taken as true, are sufficient to establish that the Power of Attorney granted to Lynn Fontana was invalid. As such, rescission of the Beneficiary Change Request form executed in favor of Lynn Fontana is appropriate.

It is therefore ORDERED AND ADJUDGED that:

1. Cross-Claimant's Second Amended Motion for Default Judgment (Doc. No. 30) is granted to the extent stated herein.

2. The Court declares that the Power of Attorney executed by Madeline Fontana in favor of Cross-Defendant, Lynn Fontana, is invalid.

3. The Court declares that the Beneficiary Change Request form executed in favor of Cross-Defendant, Lynn Fontana, on September 16, 2015, with respect to the Nationwide Annuity is invalid.

4. Nationwide shall pay the subject Annuity proceeds to Cross-Claimant, Joan Fontana Schwartz, pursuant to the original terms of the Annuity.

5. The Clerk of Court is directed to enter this Default Final Judgment in favor of Cross-Claimant, Joan Fontana Schwartz, and against Cross-Defendant, Lynn Fontana.

6. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on August 15th, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel and Parties of Record